IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WARREN CLEVELAND GREEN, | ) | 1:07-cv-00052-OWW WMW HC |
| | ) | |
| Petitioner, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER DISMISSING |
| vs. | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| ADAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see, also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." <u>Crawford v. Bell</u>, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484-86 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Petitioner's allegations, however, do not make such attacks. Petitioner's claims challenge the conditions of his confinement, not the fact or duration of that confinement. Thus, his claims are not appropriate for habeas corpus relief. Challenges to the conditions of confinement are more appropriately raised in civil rights action filed pursuant to 42 U.S.C. § 1983. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991); <u>Crawford v. Bell</u>, 599 F.2d at 891-92 (9th Cir. 1979). Petitioner also requests monetary damages, which cannot be awarded in a habeas corpus proceeding, but can be awarded in a civil rights action filed pursuant to 42 U.S.C. § 1983.

Accordingly, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file an appropriate civil rights action pursuant to 42 U.S.C. § 1983; and

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   May 8, 2007**              /s/ **Oliver W. Wanger**
                                      UNITED STATES DISTRICT JUDGE